## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL CURTIS REYNOLDS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 20-CV-990-SMY |
| | ) |
| **WARDEN WILLIAMS,** | ) |
| | ) |
| **Respondent.** | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Michael Curtis Reynolds, currently incarcerated at the FCI-Greenville, Illinois, filed the instant action pursuant to the All Writs Act, 28 U.S.C. § 1651, after having sought and been denied habeas corpus relief multiple times. Now pending before the Court are Petitioner's Motion Under 1651 (Doc. 1), Motion for Leave to Proceed in forma pauperis (Doc. 4), Motion Under 28 U.S.C. Section 1651 (Doc. 5), and Motion for Judicial Notice (Doc. 8). Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1]

Petitioner's 2007 conviction and subsequent litigation related to that conviction have been described in detail in the undersigned's June 18, 2020 Memorandum and Order in case *Michael Curtis Reynolds v. T.G. Werlich*, 3:19-cv-1223-SMY ("1223 Case") (Doc. 21). Therefore, the factual background will not be repeated in detail herein. In summary, Petitioner filed multiple motions pursuant to 28 U.S.C. § 2255 that were dismissed and multiple habeas corpus actions that

---

[1] Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

were likewise dismissed, both in the District Court for the Middle District of Pennsylvania and in this District Court. In two cases filed in this district pursuant to 28 U.S.C. § 2241 (the 1223 Case and *Michael Curtis Reynolds v. Eric Williams*, 3:18-cv-1031-DRH), the final orders of the District Court are currently on appeal before the Seventh Circuit Court of Appeals. And, Petitioner's claims in the 1223 case appear to be the same as those asserted in the instant case.[2] Having failed to acquire release pursuant to § 2241 in the 1223 Case, Petitioner now seeks release under the All Writs Act, arguing that the Court erred in the disposition of the 1223 Case.

The All Writs Act "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issues at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 527 U.S. 416, 429 (1996) (quotation marks and citation omitted). Writs are "reserved for compelling events" and are limited to "[c]laims that could [not] have been raised by direct appeal." *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988).

Here, Petitioner presumably has raised or could have raised the issues in this case in his pending appeal of the 1223 Case. As such, this case is merely an attempt to make an end-run around an already filed appeal that is before the Seventh Circuit. Petitioner is not entitled to relief under the All Writs Act and this matter is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED:  December 2, 2020**

**STACI M. YANDLE**
**United States District Judge**

---

[2] Petitioner's pleadings are difficult to follow because they contain an amalgamation of lengthy case quotations, seemingly randomly inserted hand-written and type-written statements that appear to be from previous filings in different cases, documents, transcripts, notes, and other material from his criminal case, and dispersed arguments. He does, however, take particular issue with the disposition of a Federal Rule of Civil Procedure 60(b) motion in the 1223 case, arguing that the undersigned is biased because consideration of the motion was not deferred pending his appeal (*See* Doc. 32 in the 1223 case).